**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0665-23

NICHOLAS J. TALOTTA, JR.,

    Plaintiff-Appellant,

v.

CLOEY A. TALOTTA,

    Defendant-Respondent.

_____

Argued December 11, 2024 – Decided December 30, 2024

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0909-20.

Nicholas J. Talotta, Jr., appellant, argued the cause pro se (Thomas J. DeCataldo and Andrew J. Rhein, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this post-judgment matrimonial matter concerning custody and parenting time for the parties' young child, plaintiff, Nicholas J. Talotta, Jr., appeals from a series of family court orders entered in late 2022 and 2023 suspending an Alternative Dispute Resolution (ADR) provision set forth in the parties' January 31, 2022 consent order and plaintiff's custody and parenting time.

Plaintiff argues on appeal that the trial court improperly suspended the parties' agreement to ADR, which he contends was intended to control all post-judgment disputes regarding the child. He further asserts the court erred in indefinitely halting plaintiff's custody and parenting time without first conducting a plenary hearing.

Plaintiff filed his notice of appeal on November 1, 2023 and requested oral argument, which was scheduled for December 11, 2024. On December 6, 2024, the Appellate Division Clerk's Office was provided with a consent order filed in this matter with the Chancery Division, Family Part on November 22, 2024. The consent order was executed by both parties and Judge John J. Burke,

III, and indicated plaintiff consented to the relinquishment of his custody and parenting time rights to the minor child.[1]

The November 22 consent order reflects, in pertinent part, the parties' agreement that defendant now shall have "sole legal and residential custody of the minor child . . . effective immediately . . . and all custodial rights of [p]laintiff are hereby terminated effective[] immediately upon the execution of this [c]onsent [o]rder." The order further states, "[p]laintiff shall have no parenting time with the child born of the marriage, . . . and shall have no contact with the child, . . . effective immediately upon the execution of this [c]onsent [o]rder." It provides "[u]nless as otherwise specifically modified [therein], all prior [o]rders shall remain in full force and effect."

Because the consent order squarely and expansively addresses custody and parenting time issues, and the orders on appeal, we are constrained to remand the matter to the Family Part to determine the impact, if any, of this consent order on the court's prior orders that are the subject of this appeal.

---

[1] Plaintiff did not withdraw his appeal. During the December 11 oral argument he continued to argue the issues presented in his appellate brief and did not address the legal significance of the consent order regarding the prior orders.

On remand, the court shall address the effect the consent order has on the post-judgment custody and parenting time orders, specifically the December 2022 and September 18, 2023 orders. The remand shall be completed within ninety days from the day of this opinion. We retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0665-23